UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

MICHAEL BRAZILL, JOSEPH ASSOULINE,
STEPHANIE ST. DENIS, AND ALYSSA BRAZILL

   Plaintiff,
v.

NORWEGIAN CRUISE LINE LIMITED,
a BERMUDA CORPORATION,

   Defendants

_____/

**COMPLAINT**

   Plaintiffs, MICHAEL BRAZILL, JOSEPH ASSOULINE, STEPHANIE ST. DENIS, and ALYSSA BRAZILL, through undersigned counsel, sue Defendant, NORWEGIAN CRUISE LINE LIMITED, and allege as follows:

**JURISDICTION, VENUE AND PARTIES**

   1. The Court has jurisdiction over this action pursuant to 28 U.S.C. 1332 (a)(1) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and diversity of citizenship exists between the parties. In the event this matter does not come under diversity jurisdiction of the Court, the Plaintiff shall proceed under admiralty jurisdiction.

   2. Plaintiff, MICHAEL BRAZILL, at all times material hereto is and was a citizen of the Country of Canada.

   3. Plaintiff, JOSEPH ASSOULINE, at all times material hereto is and was a citizen of the Country of Canada.

4. Plaintiff, STEPHANIE ST. DENIS, at all times material hereto is and was a citizen of the Country of Canada.

5. Plaintiff, ALYSSA BRAZILL, at all times material hereto is and was a citizen of the Country of Canada.

6. Defendant, NORWEGIAN CRUISE LINE LIMITED, is a foreign corporation with its principal place of business in the State of Florida.  At all times material, NORWEGIAN CRUISE LINE LIMITED, was authorized to and conducted business in the State of Florida.  Defendant has sufficient minimum contacts with Florida, or otherwise intentionally availed itself of the consumer markets within Florida to render the exercise of jurisdiction by Florida courts permissible under traditional notions of fair play and substantial justice. Indeed, the Passenger Ticket Contract that NORWEGIAN CRUISE LINE LIMITED provided to Plaintiff included a forum selection clause that mandated that any litigation should be pursued before the United States District Court of the Southern District of Florida in Miami. A copy of the Contract is in the possession of Defendant and will be produced through discovery.

7. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## FACTUAL ALLEGATIONS

8. Plaintiffs readopt, reallege and incorporate the allegations in paragraphs 1 through 7 as though alleged herein.

9. At all times material, Defendant, NORWEGIAN CRUISE LINE LIMITED, owned, operated, managed, maintained and/or controlled the cruise vessel "Norwegian Epic."

10. Plaintiffs, MICHAEL BRAZILL, JOSEPH ASSOULINE, STEPHANIE ST. DENIS, and ALYSSA BRAZILL, boarded the Defendant's vessel for a cruise.

11. While on the cruise, on or about March 7, 2014, Plaintiffs suffered from food poisoning.

12. As a result of the food poisoning, Plaintiffs sustained severe bodily injury.

## Count I
## Negligence - MICHAEL BRAZILL v. NORWEGIAN CRUISE LINE LIMITED

13. Plaintiff, MICHAEL BRAZILL, readopts, realleges and incorporates the allegations in paragraphs 1 through 12 as though alleged herein.

14. At all times material, Defendant owed the Plaintiff MICHAEL BRAZILL the duty to use reasonable care under the circumstances.

15. Defendant breached its duties to Plaintiff MICHAEL BRAZILL in one or more of the following respects, including but not limited to:

   a. Failing to properly maintain their food;

   b. Failing to properly inspect their food;

   c. Failing to adequately conduct inspections to ensure that a dangerous, hazardous and unsafe condition such as improperly cooked food did not exist;

   d. Failing to properly train their staff in food handling and preparation procedures;

   e. Failing to put Plaintiff on notice of this unreasonably dangerous condition.

16. Defendant had actual knowledge of the dangerous condition; or if Defendant lacked such actual knowledge, this dangerous condition existed for such a

length of time that, in the exercise of ordinary care, the Defendant, NORWEGIAN CRUISE LINE LIMITED, should have known of the condition; or in the alternative, the condition occurred with regularity and was therefore foreseeable.

17. That this condition was not readily apparent to someone who could get injured, such as the Plaintiff.

18. At all times material, Defendant had exclusive custody and control of the area where Plaintiff was injured.

19. As a direct and proximate result of the foregoing negligence of Defendant, Plaintiff, MICHAEL BRAZILL, suffered bodily injury and resulting pain and suffering, aggravation of a pre-existing condition, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of wages.  The losses are either permanent and/or are continuing in nature and Plaintiff will suffer loss and impairment in the future.

WHEREFORE, Plaintiff, MICHAEL BRAZILL, demands judgment against Defendant, NORWEGIAN CRUISE LINE LIMITED, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## Count II
### Negligence - JOSEPH ASSOULINE v. NORWEGIAN CRUISE LINE LIMITED

20. Plaintiff, JOSEPH ASSOULINE, readopts, realleges and incorporates the allegations in paragraphs 1 through 12 as though alleged herein.

21. At all times material, Defendant owed the Plaintiff JOSEPH ASSOULINE the duty to use reasonable care under the circumstances.

22. Defendant breached its duties to Plaintiff JOSEPH ASSOULINE in one or more of the following respects, including but not limited to:

      a.      Failing to properly maintain their food;

      b.      Failing to properly inspect their food;

      c.      Failing to adequately conduct inspections to ensure that a dangerous, hazardous and unsafe condition such as improperly cooked food did not exist;

      d.      Failing to properly train their staff in food handling and preparation procedures;

      e.      Failing to put Plaintiff on notice of this unreasonably dangerous condition.

23. Defendant had actual knowledge of the dangerous condition; or if Defendant lacked such actual knowledge, this dangerous condition existed for such a length of time that, in the exercise of ordinary care, the Defendant, NORWEGIAN CRUISE LINE LIMITED, should have known of the condition; or in the alternative, the condition occurred with regularity and was therefore foreseeable.

24. That this condition was not readily apparent to someone who could get injured, such as the Plaintiff.

25. At all times material, Defendant had exclusive custody and control of the area where Plaintiff was injured.

26. As a direct and proximate result of the foregoing negligence of Defendant, Plaintiff, JOSEPH ASSOULINE, suffered bodily injury and resulting pain and suffering, aggravation of a pre-existing condition, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, expense of hospitalization, medical

and nursing care and treatment, and loss of wages.  The losses are either permanent and/or are continuing in nature and Plaintiff will suffer loss and impairment in the future.

WHEREFORE, Plaintiff, JOSEPH ASSOULINE, demands judgment against Defendant, NORWEGIAN CRUISE LINE LIMITED, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### Count III
### Negligence - STEPHANIE ST. DENIS v. NORWEGIAN CRUISE LINE LIMITED

27.   Plaintiff, STEPHANIE ST. DENIS, readopts, realleges and incorporates the allegations in paragraphs 1 through 12 as though alleged herein.

28.   At all times material, Defendant owed the Plaintiff STEPHANIE ST. DENIS the duty to use reasonable care under the circumstances.

29.   Defendant breached its duties to Plaintiff STEPHANIE ST. DENIS in one or more of the following respects, including but not limited to:

   a.   Failing to properly maintain their food;

   b.   Failing to properly inspect their food;

   c.   Failing to adequately conduct inspections to ensure that a dangerous, hazardous and unsafe condition such as improperly cooked food did not exist;

   d.   Failing to properly train their staff in food handling and preparation procedures;

   e.   Failing to put Plaintiff on notice of this unreasonably dangerous condition.

30.   Defendant had actual knowledge of the dangerous condition; or if Defendant lacked such actual knowledge, this dangerous condition existed for such a

length of time that, in the exercise of ordinary care, the Defendant, NORWEGIAN CRUISE LINE LIMITED, should have known of the condition; or in the alternative, the condition occurred with regularity and was therefore foreseeable.

31. That this condition was not readily apparent to someone who could get injured, such as the Plaintiff.

32. At all times material, Defendant had exclusive custody and control of the area where Plaintiff was injured.

33. As a direct and proximate result of the foregoing negligence of Defendant, Plaintiff, STEPHANIE ST. DENIS, suffered bodily injury and resulting pain and suffering, aggravation of a pre-existing condition, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of wages.  The losses are either permanent and/or are continuing in nature and Plaintiff will suffer loss and impairment in the future.

WHEREFORE, Plaintiff, STEPHANIE ST. DENIS, demands judgment against Defendant, NORWEGIAN CRUISE LINE LIMITED, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## Count IV
## Negligence - ALYSSA BRAZILL v. NORWEGIAN CRUISE LINE LIMITED

34. Plaintiff, ALYSSA BRAZILL, readopts, realleges and incorporates the allegations in paragraphs 1 through 12 as though alleged herein.

35. At all times material, Defendant owed the Plaintiff ALYSSA BRAZILL the duty to use reasonable care under the circumstances.

36. Defendant breached its duties to Plaintiff ALYSSA BRAZILL in one or more of the following respects, including but not limited to:

      a. Failing to properly maintain their food;

      b. Failing to properly inspect their food;

      c. Failing to adequately conduct inspections to ensure that a dangerous, hazardous and unsafe condition such as improperly cooked food did not exist;

      d. Failing to properly train their staff in food handling and preparation procedures;

      e. Failing to put Plaintiff on notice of this unreasonably dangerous condition.

37. Defendant had actual knowledge of the dangerous condition; or if Defendant lacked such actual knowledge, this dangerous condition existed for such a length of time that, in the exercise of ordinary care, the Defendant, NORWEGIAN CRUISE LINE LIMITED, should have known of the condition; or in the alternative, the condition occurred with regularity and was therefore foreseeable.

38. That this condition was not readily apparent to someone who could get injured, such as the Plaintiff.

39. At all times material, Defendant had exclusive custody and control of the area where Plaintiff was injured.

40. As a direct and proximate result of the foregoing negligence of Defendant, Plaintiff, ALYSSA BRAZILL, suffered bodily injury and resulting pain and suffering, aggravation of a pre-existing condition, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, expense of hospitalization, medical

and nursing care and treatment, and loss of wages.  The losses are either permanent and/or are continuing in nature and Plaintiff will suffer loss and impairment in the future.

**WHEREFORE**, Plaintiff, ALYSSA BRAZILL, demands judgment against Defendant, NORWEGIAN CRUISE LINE LIMITED, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

Signed this 20th day of February, 2015

Respectfully Submitted,

**LAW OFFICES OF JASON TURCHIN**
Attorney for Plaintiff
2883 Executive Park Drive
Suite 103
Weston, Florida 33331
Telephone:   (954) 659-1605
Facsimile:    (954) 659-1380

By: /s/ Sara Schafer
SARA SCHAFER, ESQ.
Florida Bar No. 84455
JASON TURCHIN, ESQ.
Florida Bar No. 585300